James A. Roe, Jr., J.
The Motor Vehicle Accident Indemnification Corporation, called MVAIC, moves to vacate the demand for arbitration served upon it by Ben Mailman, in which he claims $10,000 for personal injuries sustained by him on August 5,1961, when the automobile he was operating was struck by an automobile operated by Howard Moyer, whose insurance carrier disclaimed liability. The application is made solely on the ground that prior to the service of the demand involved the claimant instituted an action against Moyer and others, based upon the same claim, and that thereby he has waived his right to arbitrate.
It is indeed true that the commencement of an action may result in an irrevocable waiver and abandonment by a plaintiff of the right to arbitration of the subject matter of the action. (Matter of Young v. Crescent Development Co., 240 N. Y. 244, 251; Oklahoma Pub. Co. v. Parsons & Whittemore, Inc., 255 App. Div. 589.) However, the question whether the commencement of the action resulted in such waiver and abandonment depends upon the facts of each particular case. (Matter of American News Co., 130 N. Y. S. 2d 554, 557-558.) The court noted in Newburger v. Lubell (257 N. Y. 383, 386-387): “ We see no force in the objection that a waiver or abandonment of the benefits of arbitration could be inferred from the mere commencement of an action in the absence of notice that a controversy existed. 1 Waiver is an intentional abandonment or relinquishment of a known right ’ (Alsen’s A. P. C. Works v. Degnon Contr. Co., 222 N. Y. 34).”
When the claimant in the instant case brought an action to recover damages for personal injuries resulting from the accident herein involved against Moyer by the service of a summons and complaint upon him on September 14,1961, and upon another defendant on October 8, 1961, he had no way of knowing that Moyer’s insurance carrier would subsequently disclaim liability. Claimant’s attorney received a letter, dated September 25, 1961, from an attorney — Norman Schlessberg — confirming a telephone conversation of that day and enclosing a stipulation extending Moyer’s time to answer until October 16, 1961. It was not until on or about November 3, 1961, that .claimant’s *827 attorney received from Stuyvesant Insurance Company— Moyer’s insurance carrier — written notice that it disclaimed all liability under the policy because every effort, since August 6, 1961, of its investigator to contact Moyer with respect to the accident that occurred on August 5,1961, was of no avail, in that Moyer “ consistently ignored ” the investigator’s request for an interview. Claimant’s attorney immediately filed a claim with MVAIC which apparently was rejected. Instead, MVAIC served an answer on behalf of Moyer and demanded a bill of particulars.
Under chapter 759 of the Laws of 1958, effective January 1, 1959, the Legislature enacted article 17-A of the Insurance Law entitled “ Motor Vehicle Accident Indemnification Corporation Law ” as well as paragraph (e) of subdivision 1 and subdivision 2-a of section 167 of the Insurance Law. Subdivision b of section 601, which is part of article 17-A, provides in part: “ ‘ Qualified person ’ means (1) a resident of this state, other than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle, or his legal representative ”. Subdivision i of the same section states that: “ ‘ Insured ’ means a person defined as an insured under any policy of insurance issued by any member in connection with motor vehicles containing the provisions required by section one hundred sixty-seven.”
In Matter of Zuckerman v. Motor Vehicle Acc. Ind. Corp. (13 A D 2d 574) the Third Department held that by the foregoing ‘1 an insured is expressly and specifically excluded from the definition of ‘ qualified person ’ ” and that a claimant who is an “ insured ” and, therefore, not a “ qualified person ” as above defined derived rights by virtue of the insurance contract by the terms of which “ any dispute must be settled by arbitration as provided therein".* A “ qualified person ”, on the other hand, derives rights solely from article 17-A of the Insurance Law (ibid.; Matter of Di Stefano [MV AIC], N. Y. L. J., Feb. 26, 1962, p. 16, col. 2).
There is no question that the claimant herein was an “ insured ” person when the accident occurred. His policy then in force contains the following indorsement: “ MVAIC will pay all sums which the insured or his legal representative shall be *828 legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called ‘ bodily injury,’ sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and MVAIC or, if they fail to agree, by arbitration.” Under subdivision 2-a of section 167 of the Insurance Law “ which provides the basis for and specifies the crucial contents of the provision required to be contained in every motor vehicle liability insurance policy, the MVAIC is also liable for the damages, not exceeding the amount fixed, which ‘ the insured or his legal representative shall be entitled to recover * * * from an owner or operator of * * * an insured motor vehicle where the insurer disclaims liability or denies coverage ’ and ‘ Any such policy which does not contain the aforesaid provision shall be construed as if such condition were embodied therein. ’ ” (Matter of Di Stefano [MV AIC], 34 Misc 2d 68, 70.)
It was not until Moyer’s insurance carrier disclaimed liability under the policy it issued to him that the indorsement in claimant’s own policy, as implied by subdivision 2-a of section 167 of the Insurance Law, became operative and the arbitrable controversy therein contemplated came into existence when MVAIC and the claimant failed to agree. Under these circumstances the claimant’s prior commencement of the plenary action could not amount to an intentional abandonment or relinquishment of a known right. In Newburger v. Lubell (257 N. Y. 383, 386, supra) the Court of Appeals stated that if the contest of the action at law to reduce a claim to judgment develops a controversy the plaintiff would be ‘ ‘ free to discontinue, and get the benefit of the contract that whatever controversy arises shall be settled by arbitration ” (emphasis supplied). Discontinuance of the action is precisely what claimant here seeks if the motion to stay arbitration is denied.
In reaching the foregoing conclusion the court has not overlooked Matter of Motor Vehicle Acc. Ind. Corp. (Koenig) (199 N. Y. S. 2d 964) relied upon by MVAIC, or recent New Yorh Law Journal decisions in which Koenig was cited (Matter of Motor Vehicle Acc. Ind. Corp. [Reilly], N. Y. L. J., July 31, 1962, p. 3, col. 5; Matter of Motor Vehicle Acc. Ind. Corp. [Veltri], N. Y. L.J., Aug. 8, 1962, p. 4, col. 6). In each of the foregoing cases *829 arbitration was stayed because of the prior commencement by the claimant of a plenary action, but only in Koenig were the facts disclosed; they are distinguishable from the facts at bar. In any event, this court believes that the authorities it has cited require a different result.
Accordingly, the motion to vacate the demand and to stay arbitration thereunder is denied on condition that as requested in claimant’s opposing affidavit he discontinue his plenary action within 20 days of the entry of the order hereon. Thereupon the parties will proceed to arbitrate the issues that remain unresolved. (See Matter of Motor Vehicle Acc. Ind. Corp. [Lucash], 16 A D 2d 975.)

 Section 1448 of the Civil Practice Act provides that “ A controversy cannot be arbitrated * * * 1. Where one of the parties to the controversy is an infant * *' * unless the appropriate court having jurisdiction approve a petition for permission to submit such controversy to arbitration made by the general guardian or guardian ad litem of the infant The foregoing exclusory language with reference to an infant was held applicable to the arbitration provision of the uninsured automobile coverage indorsement. (Chernick v. Hartford Acc. & Ind. Co., 8 A D 2d 264, affd. 8 N Y 2d 756.)