Frank J. Kronenberg, J.
Respondent moves this court for a permanent injunction against the arbitration of the above-entitled matter on the basis that the petitioner is in violation of Condition 4 of the Motor Vehicle Accident Indemnification endorsement which states: “ If before MVAIC makes payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury * * * a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to MVAIC by the insured or his legal representatives.”
In this case it would appear from the more knowledgeable sources that an accident occurred on April 1, 1960, in Buffalo, *171 involving a vehicle owned and operated by one Lawrence Rankin and a vehicle owned and operated by the Landahls. The attorney most familiar with the facts asserts that the action was commenced in 1960.
It appears from the affidavit of Raymond Miles that a disclaimer was received on November 21, 1960, and that no papers since that time have been forwarded to MVAIC showing the existence of any suits. This is not denied by the respondent.
The court has examined the sections contained in article 17-A of the Insurance Law and is unable to find any specific authority for such a condition as Condition 4 (supra) in the statute. It does appear that under subdivision (b) of section 606 the respondent may “ prescribe, subject to the approval of the superintendent, the policy or endorsement form to be issued by the members embodying the coverage required by section one hundred sixty-seven, subdivision two-a ”.
This court has not been honored with any authority from either party or respondent’s counsel on this question. It must assume, notwithstanding the absence of said authority and information, that it is not disputed that the exhibit attached to the moving papers of respondent is a form approved in connection with subdivision (b) of section 606 of the Insurance Law.
This court is unable to ascertain on what basis in law the Superintendent could, in this instance, approve in the insurance endorsement attached to every New York State automobile motor vehicle liability policy Condition 4. The Legislature created no such burden and this court cannot visualize the Legislature intending to saddle a passenger who does not even have such a policy in his possession with the burden, under penalty of complete forfeiture, of supplying papers or complying with conditions of a policy he does not possess. This court is glad to see that other courts are in authority with his viewpoint. See Matter of Durant v. MVAIC (20 A D 2d 242, 246, 247, 248) wherein the court stated: “ The power delegated to MVAIC by those provisions is thus confined to the drafting of an endorsement which carries out the spirit and intent of the statute. The power cannot be enlarged unilaterally by MVAIC arrogating to itself the prerogative to debase the insured person’s right "of recovery in contrast to the same right granted to a qualified person. * * * The endorsement is not a private contract, fully negotiated by carrier and insured; a supervening public interest modifies its terms in keeping with public policy. * * * The approval by the Superintendent of Insurance does not, we think, render the endorsement invulnerable.”
*172 Consequently, this court deems the motion denied for the following reason: Any endorsement such as Condition 4 which places an additional legal impediment on the right of an otherwise “ qualified person ” to avail itself of the remedies under article 17-A of the Insurance Law, notwithstanding any approval by the Superintendent of Insurance, is contrary to the intent of the statute and thereby void in respect to any abrogation of the petitioner-claimant’s rights.