Harold Baer, J.
Application to stay arbitration is granted pending a trial of the preliminary issue whether the insurance policy which covered the alleged offending vehicle was validly canceled prior to the date of the accident in issue. The Hartford Insurance Group shall be added as a party respondent upon service of a copy of the order to be entered hereon with notice of entry, together with all papers submitted in this proceeding. Petitioner is entitled to litigate the validity of the cancellation, particularly where no reason is given for such action.
Respondents did not waive the right to arbitrate because of the commencement of an action against the alleged tort-feasor where discovery of the claimed lack of insurance occurs after the action is begun (Matter of Mailman [MVAIC], 36 Misc 2d 825 and Matter of MVAIC [Doyle], 41 Misc 2d 871). Petitioner’s reliance upon Matter of MVAIC (Koenig) (199 NYS2d 964) is misplaced as that case was decided based upon a statutory limitation preventing MVAIC from settling the claim under those circumstances. Such a limitation is not shown to be applicable to petitioner.
The purpose of this endorsement required by subdivision 2-a of section 167 of the Insurance Law as expressed in section 600 of the Insurance Law is to compensate innocent victims of motor vehicle accidents where compensation is not otherwise available (Matter of Hanavan [MVAIC], 60 Misc 2d 407, affd. 33 AD2d 1100). Public policy of this nature prevents the evasion of liability because of conditions which place an unreasonable limitation upon that policy (cf. MVAIC v Continental Nat. Amer. Group Co., 35 NY2d 260). Petitioner contends that the failure to comply with condition 4 of the uninsured motorist endorsement by failing to immediately forward a copy of the summons and complaint which were served upon the alleged tort-feasor bars the claim sought to be arbitrated. The decision in Brown v MVAIC (33 AD2d 804) granted a permanent stay for breach of that condition. This court declines to follow that nonbinding decision of the Second Department which frustrates the legislative purpose of the statute. Commencement of an action against the tort-feasor works to the ultimate benefit of the insurance company since recovery will avoid any claim against it. Petitioner has not shown any prejudice by not receiving immediate notice. It would frustrate the purpose of subdivision 2-a of section 167 of the Insurance Law to deny the claimant the right to correct the failure to give notice of the action against the tort-feasor. *1024 Where the validity of the condition was questioned, it was found to be null and void (Matter of Brown v MVAIC, 48 Misc 2d 170).