UNIVERSAL UNDERWRITERS INSURANCE CO., APPELLANT,
*v.*
SHUFF ET AL., APPELLEES.

[Cite as Universal Underwriters Ins. Co. v. Shuff (1981), 67 Ohio St. 2d 172.]

(No. 80-1506—Decided July 15, 1981.)

*Mr. Thomas M. Green,* for appellant.
*Mr. William H. Thornburgh,* for appellees.

LOCHER, J.   This appeal presents one issue: whether appellees may submit to arbitration their claim against an uninsured motorist after a trial on the merits and after a jury returned a verdict against appellees. We hold that appellees may *not* submit this issue to arbitration.

Insurance policies are subject to the same rules of construction and "should be enforced in accordance with their terms as are other written contracts." *Rhoades* v. *Equitable Life Assur. Soc. of U.S.* (1978), 54 Ohio St. 2d 45, 47. This insurance policy permits arbitration when the insured is *legally entitled to recover* from an uninsured motorist. The trial court, in case No. 78-874, declared that Williams was uninsured when he collided with Shuff. Under the terms of the policy, therefore, an arbitration panel could require Universal to pay the Shuffs damages for the injuries caused by Williams if the Shuffs were *legally entitled to recover* those damages from Williams. This contractual language duplicates the statutory language of R. C. 3937.18.[1]

---

[1] R. C. 3937.18(A) permits "coverage for bodily injury or death\*\*\*for the protection of persons\*\*\*who are *legally entitled to recover* damages from owners or

If appellant were to sue Williams in a court of law, the doctrine of *res judicata* would bar it from maintaining this action. *Res judicata* means that "[i]f the defendant is successful in the prior action, the plaintiff is 'barred' from suing, in a subsequent action, on the same cause of action." *Whitehead* v. *Genl. Tel. Co.* (1969), 20 Ohio St. 2d 108, 112. In this case, although the doctrine of *res judicata* does not directly prohibit appellees from insisting on arbitration, the doctrine does dictate the necessary result. The rationale leading to this conclusion is as follows.

Customarily, arbitrators decide issues without judicial review. See *Corrigan* v. *Rockefeller* (1902), 67 Ohio St. 354, 368. A court may, however, vacate an arbitration result when the arbitrators rule contrary to law (*Torrance* v. *Amsden* [D.C. Ohio, 1844], 24 Fed. Cas. 62), or make "such manifest mistake as naturally works a fraud." *Corrigan* v. *Rockefeller, supra,* at page 368. See, also, *Springfield* v. *Walker* (1885), 42 Ohio St. 543, 548, and R. C. 2711.10. That is, even if appellees compelled appellant to arbitrate this matter and received a damage award, that result would clearly be erroneous and contrary to law under the doctrine of *res judicata.* Universal would then be entitled to undertake another proceeding to reinstate the jury verdict. After all this, the parties would be exactly where the jury left them. Arbitration, in this case, would be a "vain thing," and the well-settled policy of caution is expressed by the maxim, "equity will not decree a vain thing." *Watterson* v. *Ury* (1891), 5 C.C. 347, 360, affirmed 52 Ohio St. 637. Therefore, under the terms of this insurance policy, Universal may refuse to arbitrate.

To rule otherwise would ignore the legislative intent behind both uninsured motorist coverage and arbitration. The purpose of uninsured motorist coverage is to increase the likelihood that people who are injured in motor vehicle collisions will be compensated for their damage. R. C. 3937.18 (see footnote herein). "Arbitration is favored because its purpose is 'to avoid needless and expensive litigation.' " *Springfield* v. *Walker, supra,* at 546; *Dayton Teachers Assn.* v. *Dayton Bd. of Edn.* (1975), 41 Ohio St. 2d 127, 132-133.

---

operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom." (Emphasis added.)

Requiring arbitration in this case would, nevertheless, *decrease* the likelihood of recovery by other insureds and *increase* the likelihood of future litigation, *i.e.*, if insureds may refer an uninsured motorist case to arbitration after a full trial on the merits, then insurance companies may certainly do the same. The mere threat of another proceeding would put a powerful tool in the hands of a party whose bargaining power is typically greater. Insureds would have to weigh the strategic advantage of a judicial proceeding against a possible war of attrition waged by their own insurance companies. In the latter case, insureds may receive a diminished net recovery either due to the expense of a second proceeding or as a settlement to stave off this threat.

Appellees exercised their option. They elected to try the case on its merits. The trial court, in case No. 78-874, declared that Williams was uninsured. This ruling was necessary before appellees could request arbitration. On the other hand, the jury refused to award damages to the Shuffs. In effect, they argue that the declaration of the trial judge should endure while the jury verdict abates. Yet, if the jury had awarded appellees substantial damages, they would be unlikely to complain.

Accordingly, the trial court, in case No. 79-1349, erred. The jury verdict against appellees, in case No. 78-874, bars any recovery by appellees under the uninsured motorist provision of their policy with appellant.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment reversed.*

CELEBREZZE, C. J., P. BROWN, SWEENEY and HOLMES, JJ., concur.

W. BROWN and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. I find the doctrine of *res judicata* inapplicable to this case. We do not deal with the effect of a prior judgment on a later court action, but the effect of a prior lawsuit on contractual rights. See *Auto-Owners Ins. Co.* v. *Higby* (1976), 69 Mich. App. 485, 245 N.W.

2d 102, and *Farm Bureau Mutual Ins. Co.* v. *Bower* (1978), 87 Mich. App. 305. I find no authority for the proposition that the principle of *res judicata* applies to nullify or control arbitration provisions in a contract.

Issues decided in a legal action are not binding upon the arbitrators in an arbitration proceeding between the same parties where the contract providing for arbitration contains a clear intent to ignore prior legal proceedings between the contracting parties. This clear intent of the contracting parties is contained in that part of the uninsured motorist provision excerpted in the majority opinion which, in part, reads as follows:

"***provided, for the purposes of this coverage, determination as to whether the INSURED or such representative is legally entitled to recover such damages and if so the amount thereof, shall be made by agreement between the INSURED or such representative and the company or, if they fail to agree, by arbitration."

On the other hand, the principle of *res judicata* is that material facts or questions which were in issue in a former suit and were there judicially determined by a court of competent jurisdiction are conclusively settled by a judgment therein so far as concerns the parties to that action and persons in privity with them with reference only to a future legal action. Such material facts and questions become *res judicata* and cannot be litigated in any future legal *action* between the same parties or privies in a collateral suit in the same or any other court. *Trautwein* v. *Sorgenfrei* (1979), 58 Ohio St. 2d 493; *LaBarbera* v. *Batsch* (1967), 10 Ohio St. 2d 106; *Norwood* v. *McDonald* (1943), 142 Ohio St. 299; *State, ex rel. Kopchak,* v. *Lime* (1975), 44 Ohio St. 2d 3; 32 Ohio Jurisprudence 2d 438-439, Judgments, Section 229.

Clearly, the contracting parties here intended that any uninsured motorists claim be determined solely "by agreement between the INSURED or such representative and the company or, if they fail to agree, by arbitration." The parties exclude the right to a determination of the uninsured motorists claim in court, thereby precluding application of *res judicata* principles.

I would also affirm the Court of Appeals based on Uni-

versal Underwriters' failure to furnish "written consent" to be bound by the judgment, as required by the insurance contract.[2] Absent such written consent, the insured is entitled to arbitrate his claim as specified by the language in the contract, language selected by the insurance carrier. *Auto Owners Ins. Co.* v. *Higby, supra; Monaghan* v. *J. C. Penney Cas. Ins. Co.* (1977), 57 Ohio Misc. 11; *Mailman* v. *Motor Veh. Acci. Indem. Corp.* (1962), 36 Misc. 2d 825, 235 N.Y. Supp. 2d 14.

For all these reasons the Court of Appeals' judgment in favor of defendants should be affirmed.

W. Brown, J., concurs in the foregoing dissenting opinion.

---

[2] The insurance contract issued by Universal Underwriters Ins. Co. to Shuff contained the following provisions:

"No judgment against any person or organization alleged to be legally responsible for the BODILY INJURY shall be conclusive, as between the INSURED and the company, of the issues of liability of such person or organization or of the amount of damages to which the INSURED is legally entitled unless such judgment is entered pursuant to an action prosecuted by the INSURED with a written consent of the company."