**Rieke v.**
**Ohio Insurance Guaranty Association**
*[Cite as 4 AOA 360]*

*Case No. 89CA004640*
*Lorain County, (9th)*
*Decided June 27, 1990*

*Arthur F. Clarke, Attorney at Law, 24500 Center Ridge Rd., Suite 175, Westlake, OH 44145, for Plaintiff.*

*Alexander M. Andrews and Gari L. Kornblut, Attorneys at Law, 900 Bond Court Bldg., Cleveland, OH 44114, for Defendants.*

*Joseph Ujczo, Attorney at Law, 24500 Center Ridge Rd., Suite 175, Westlake, OH 44145, for Defendant, James Rieke, dba Eaton Auto Finishers.*

CACIOPPO, J.

Ohio Insurance Guaranty Association (OIGA) appeals the decision of the trial court granting James F. Rieke's motion for summary judgment in a declaratory judgment action. We affirm.

On June 19, 1986, James Rieke was injured as a result of a collision between the automobile he was driving and an automobile driven by Victoria F. Ball and owned by Michael A. Grissom. At the time of the accident, Rieke was covered by a policy of automobile insurance that was issued by Merchants' and Manufacturers' Insurance Company (Merchants). On July 1, 1986, Rieke submitted an uninsured motorist claim to Merchants.

Merchants was declared insolvent on August 11, 1986. OIGA, a statutorily created nonprofit, unincorporated association, assumed Merchants obligations. In a letter dated June 24, 1987 OIGA made the following request:

"* * *.

"Sometime within the statute of the limitations your client should file an action against the tort feasor and the owner of the vehicle that she was driving. When that has been accomplished I would appreciate a copy of the complaint."

Accordingly, Rieke filed a personal injury action against Ball and Grissom on August 7, 1987 and sent a copy of the complaint to OIGA. OIGA reimbursed Rieke for the filing fee.

In September 1987, Rieke's attorney, Arthur Clarke, and OIGA agreed that Clarke would represent OIGA as subrogee of Rieke's claim. The personal injury lawsuit was delayed because Rieke was unable to serve Ball. OIGA assisted Reike by obtaining Ball's address which enabled Reike to obtain service on Ball.

On July 1, 1988, Rieke filed a motion for default judgment against Ball and Grissom. Rieke sent a copy of the motion with an accompanying letter to OIGA. Rieke also notified OIGA of the August 23, 1988 hearing date on the motion. On August 23, 1988, the trial court entered a default judgment for Rieke against Ball and Grissom in the amount of $75,000, plus interest.

On December 14, 1988, Rieke filed a complaint for declaratory judgment pursuant to R.C. Chapter 2721, R.C. 3937.18, 3955.08(A)(2) and 3955.08 (B)(4). The complaint requested the following declaration of rights:

"* * *.

"1. James f. Rieke has complied with the obligations of notice to Ohio Insurance Guaranty Association (representing Merchants' & Manufacturers' Insurance Company) as required under the terms of Policy No. AGL2085;

"2. The cause of action filed in the Lorain County Common Pleas Court, Case No. 99165 87, was filed with knowledge, consent, and at the direction of, Ohio Insurance Guaranty Association;

"3. James F. Rieke is thereby entitled to recover under the uninsured motorist section of Policy No. AGL2085 the judgment awarded in Case no. 99165 87 from Ohio Insurance Guaranty Association, so long as that judgment does not exceed the policy limits of the specified policy;

"4. James F. Rieke does not have to submit the matter of his motor vehicle collision of June 19, 1986, to arbitration because the matter is *res judicata.*"

Rieke filed a motion for summary judgment on February 27, 1989. Trial court granted Rieke's motion and declared the following:

"* * *.

"(1) That case no. 99165-87 in the Lorain County Common Pleas Court was filed with the knowledge and consent and at the request of OIGA;

"(2) That the judgment obtained by Relator in case no. 99165-87 is binding on the OIGA;

"(3) That Relator is entitled to recover under the uninsured motorist section of his policy the judgment awarded in case no. 99165-87 from the OIGA up to the limits of the policy;

"(4) That Relator is not required to submit the matter of the collision of June 19, 1986 to arbitration; and

"(5) That the OIGA is not entitled to a set off for Workers' Compensation benefits which may have been paid to relator."

OIGA filed a timely appeal.

### ASSIGNMENT OF ERROR

"The trial court erred in granting plaintiff-appellee's motion for summary judgment."

OIGA presents two arguments which are set forth in part A and B.

"I. OIGA is not bound by the default judgment rendered in *Rieke* v. *Ball* and has a right to arbitrate the issue of whether Rieke is legally entitled to recover damages from Ball and/or Grissom and, if so, the amount thereof.

"A. The doctrine of collateral estoppel cannot be applied against OIGA, as to do so would violate its due process rights.

"B. OIGA has the right to arbitrate the issue of whether Rieke is legally entitled to recover damages from Ball and/or Grissom under the insurance contract."

OIGA claims that the trial court erred in determining that is must pay $75,000 in uninsured benefits to Rieke, which represents the amount of the default judgment that Rieke recovered in his personal injury suit. OIGA argues that it did not consent to be bound by the default judgment and that it was denied its right to arbitrate the issue of whether Rieke is legally entitled to recover damages from Ball and Grissom, and if so, the amount. The policy provisions pertinent to this appeal are:

"* * *.

"1. We will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury sustained by the insured caused by an accident. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the uninsured motor vehicle.

"* * *.

"3. Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

"* * *.

"a. If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or do not agree as to the amount of damages, either party may make or written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge or a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

"* * *."

OIGA assumed the obligations of Merchants under the policy provisions under the authority of R.C. 3955.08 which provides in relevant part:

"(A) The Ohio Insurance Guaranty Association shall:

"* * *.

"(2) Be deemed the insurer to the extent of its obligation on the covered claims and to such extend shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent;

"* * *."

The trial court relied on *Motorist Mut. Ins. Co.* v. *Handlovic* (1986), 23 Ohio St. 3d 179 and *Universal Underwriters Ins. Co.* v. *Shuff* (1981), 67 Ohio St. 2d 172 in determining that OIGA was bound by Rieke's default judgment. The court noted that OIGA have filed a motion to intervene in the action or requested counsel to stay proceedings pending arbitration, yet OIGA failed to do so.

This court recently addressed this issue in *Reinfeld* v. *Western Reserve Mutual Casualty Company* (June 6, 1990), Summit App. No. 14393, unreported. In that case, the insurance company sent a letter to the insured requesting that the insured file a lawsuit against the motorist who collided with his car to protect the insurer;s subrogation interest. The insured filed a personal injury suit and was rendered a default judgment in his favor in the amount of $25,000 with interest. The insurance company insisted that the insured arbitrate his claims for uninsured benefits. Under protest, the insured arbitrated the claim and was awarded $12,500 in damages. The insured filed a declaratory judgment action against the insurance company. The

trial court granted a summary judgment in the insured's favor.

This court found that the trial court's decision was proper and held that the letter requesting the insured to file suit constituted the insurance company's written consent. We reasoned that the insurance company had an opportunity to protect itself, thereby fulfilling the purpose of the consent to sue clause because it had been informed as the lawsuit progressed. This court held that the default judgment triggered the insurance company's contractual duty to provide the insured with uninsured benefits in the amount of $25,000 because the default judgment determined that the insured was legally entitled to recover damages from the uninsured motorist.

In the instant case, OIGA sent a letter requesting that Rieke file a suit to protect its subrogation rights. Rieke filed suit and sent OIGA a copy of the complaint. Rieke informed OIGA of the status of the case and even received OIGA's help to obtain service on Ball. Rieke sent OIGA a copy of his motion for default judgment and notice of the date on which the hearing was scheduled. OIGA was aware of the status of the case as it progressed and had an opportunity to avail itself of whatever course of action might best protect its interests.

As we determined in *Reinfeld* OIGA's contractual duty to provide Rieke with uninsured benefits in the amount of $25,000, plus interest was triggered by the default judgment. OIGA's argument is not well taken.

"II. OIGA is entitled to set off any worker's compensation benefits which Reike [sic] has received as a result of the June 10, 1986 accident."

OIGA argues that R.C. 3955.13(A) provides that OIGA is required to subtract from Rieke's recovery any workers' compensation benefits to which Rieke is entitled.

R.C. 3955.13(A) provides:

"Any person having a covered claim upon which recovery is also presently possible under an insurance policy written by another insurer shall be required first to exhaust his rights under such other policy. Any amount payable on a covered claim under sections 3955.01 to 3955.20 of the Revised Code shall be reduced by the amount of such recovery."

The issue presented is whether workers' compensation is a covered claim within the meaning of R.C. 3955.13. The purpose of the Ohio Insurance Guaranty Association is set forth in R.C. 3955.03 as follows:

"The purposes of sections 3955.01 to 3955.20, inclusive, of the Revised Code are to provide a mechanism for the payment of covered claims under certain insurance policies, avoid excessive delay in payment and financial loss to claimants or policyholders because of the insolvency of an insurer, assist in the detection and prevention of insurer insolvencies, and provide an association to assess the cost of such protection among insurers."

The statutory language is to be liberally construed to effect the purpose. R.C. 3955.04. A "covered claim" is defined by R.C. 3955.01(B) as:

"* * *[A]n unpaid claim, including one for unearned premiums, which arises out of and is within the coverage of an insurance policy to which sections 3955.01 to 3955.20 of the Revised Code apply, when issued by an insurer which becomes an insolvent insurer on or after the effective date of this act and the claimant or insured is a resident of this state at the time of the insured event or the property from which the claims arises is permanently located in this state."

Workers' compensation is governed by R.C. Chapter 4123 and is not claim under the authority of R.C. Chapter 3955. Therefore, benefits to which Rieke is entitled from workers' compensation are not required to be reduced from his recovery from OIGA under his uninsured motorist policy. R.C. 3937.18(F) and R.C. 4123.93 provide additional authority that the legislature intended that workers' compensation benefits are not to reduce an injured plaintiff's damage award.

The assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P. J., concurs.
BAIRD, J., concurs in judgment only.