## Bryant v. Clark
*[Cite as 8 AOA 109]*

*Case No. 1-89-54*
*Allen County, (3rd)*
*Decided November 1, 1990*

*Allan D. Dobnicker, 311 N. Elizabeth Street, Lima, Ohio, 45801, for Appellant.*

*Joseph C. Dapore, 130 W. North Street, Lima, Ohio 45801, for Appellee.*

EVANS, J.

This is an appeal from a judgment of the Court of Common Pleas of Allen County granting judgment to the plaintiffs, victims in an uninsured motorist accident, and against their insurance carrier in the amount of $71,000.

Norman Clark ("Defendant") and Clyde and Lorraine Bryant ("Plaintiffs") were involved in an auto accident. The Defendant was uninsured. The Plaintiffs filed suit against the Defendant and their own insurance company, Nationwide Mutual Insurance ("Nationwide"). The Defendant failed to answer or appear for any of the proceedings so the court entered a default judgment against him on the issue of liability and found in a subsequent proof of damages hearing that he owed the Plaintiffs $71,000 for their injuries. Nationwide's legal counsel was present throughout these proceedings.

The Plaintiffs' original complaint had requested a declaratory judgment determining the rights and responsibilities of Nationwide in this matter. After the proof of damages hearing, the Plaintiffs amended their complaint, adding to their request for a declaratory judgment a request for a judgment against Nationwide for the $71,000. They based their request on the uninsured motorist provision of their policy with Nationwide. Nationwide denied owing the Plaintiffs the $71,000, claiming that the matter, pursuant to the insurance contract, must be arbitrated. The Plaintiffs moved for summary judgment.

The trial court granted the Plaintiffs' motion for summary judgment and rendered judgment against Nationwide and in favor of the Plaintiffs for $71,000. Nationwide timely appealed the court's decision.

Nationwide's sole assignment of error asserts that the trial judge erred by granting the Plaintiffs' motion for summary judgment. We disagree. For the following reasons, this Court finds that the trial court properly granted summary judgment for the Plaintiffs.

This is a contract case. The contract is the insurance policy between Nationwide and the Plaintiffs. Nationwide agreed to pay, among other things, damages to which the Plaintiffs are legally entitled as a result of accidents with uninsured motorists.

Summary judgment is properly granted when the movant demonstrates that:

"(1) No genuine issue as to any material fact remains to be litigated;

"(2) the moving party is entitled to judgment as a matter of law; and

"(3) it appears from the evidence that reasonable minds can come to but one conclusion,

and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Petrey v. Simon* (1984), 19 Ohio App. 3d 285, 287, and see, Civ. R. 56(C).

Nationwide admits that the insurance policy provides the Plaintiffs with coverage for bodily injuries caused by an uninsured motorist. Nationwide's Brief, p. 2. It admits that the Defendant was an uninsured motorist. *Id.* It also admits that the Plaintiffs' bodily injuries were caused by that uninsured motorist. *Id.* However, Nationwide does not admit liability for those damages, arguing that, before any amount is paid to the Plaintiffs, the matter must be decided by arbitration.

The basis for Nationwide's claim for arbitration stems from the uninsured motorist provision on page nine (9) of the insurance policy. The provision reads:

"In any uninsured motorists claim, we will jointly determine with the insured or his legal representative whether there is a legal right to recover damages, and if so in what amount. If agreement cannot be reached with regard to liability or amount of damages, the matter will be decided by arbitration. Any judgment against the uninsured of liability or amount of damages will be binding only if it was obtained with our written consent."

Nationwide further argues that arbitration is necessary for two (2) reasons. First, proof of damages hearings serve only to preserve the subrogation rights of the insurer. To make the actual determination of what it owes the Plaintiffs, the matter must be submitted to arbitration. Second, the trial court cut off Nationwide's discovery with a protective order. Thus, Nationwide needs arbitration to present its evidence on mitigation.

We reject Nationwide's arguments. The last sentence of the above-quoted policy provision provides that no judgment against the uninsured will be binding against Nationwide unless Nationwide gives its written consent that the judgment be obtained. On October 19, 1988, Nationwide's attorney sent a letter to the Plaintiffs' attorney which stated, in part:

"Confirming our telephone conversation, Nationwide would like you to take a default judgment against Norman Clark for an amount at least equal to the prospective pay out for uninsured motorist coverage. Whether you choose to do so, based upon your complaint, the policy limits, or what you believe to be the value of the case is up to you so long as we do not eventually settle for more than the judgment. When you have notice of the proof of damage hearing, please advise, so that we can attend."

This letter provides written consent. Thus, Nationwide is bound by the trial court's judgment.

One could argue, however, that the letter is ambiguous or that the consent is limited; that it does not say in so many words, "Nationwide consents to the litigation." Accepting that argument for the moment we find that Nationwide would still be bound by the judgment. In *Motorists Mutual Ins. Co. v. Handlovic* (1986), 23 Ohio St.3d 179, 182 the Ohio Supreme Court held:

"*** a final judgment rendered as a result of such a lawsuit generally will be conclusive as between the insured and his insurer, regardless of whether the insurer has consented to the prosecution of the lawsuit." In *Handlovic,* the insured sued his own insurance company and the tortfeasor on a claim of underinsured motorist coverage. The insured then requested arbitration after a judgment on the merits. The relevant provision in the insurance policy, like the policy in this case, stated that no judgment between the insured and any other person would bind the insurance company unless it provided "written consent." *Handlovic,* 23 Ohio St.3d at 181. Even though the contract in *Handlovic* had a written consent requirement, the Court held that the judgment was binding regardless of whether the insurer consented. That holding applies here. As the *Handlovic* Court stated, the insurer cannot avoid a valid judgment solely because it did not provide written consent.

This conclusion is reinforced by the Supreme Court's decision in *Universal Underwriters Ins. Co. v. Shuff* (1981), 67 Ohio St. 2d 172. In *Shuff,* the plaintiff sued his own insurance company and the uninsured defendant as a result of an auto accident. The jury, however, awarded the plaintiff zero (0) damages. The plaintiff then filed a demand for arbitration based on the uninsured motorist provision in the policy. The Court held:

"An insured who seeks to recover damages from his insurer under an uninsured motorist policy and is unsuccessful after a trial on the merits and a jury verdict, may not thereafter submit to arbitration the issue of the liability of

the uninsured motorist." (R.C. 3937.18 applied.) *Shuff*, 67 Ohio St.2d 172 (syllabus). The Court stated that any arbitration award that differs from zero (0) would be contrary to law and that the insurance company could have the jury verdict reinstated. The result would be needless expense and litigation with no award of damages to the plaintiff.

*Shuff* controls in this case, not only because the holding is on point, but also because the language of the policy is similar. In *Shuff*, the policy stated:

"The company will pay all sums which the INSURED or his legal representative shall be legally entitled to recover as damages from the owner or operator of an UNINSURED HIGHWAY VEHICLE because of BODILY INJURY sustained by the INSURED, ***; provided, for the purposes of this coverage, determination as to whether the INSURED or such representative is legally entitled to recover such damages and if so the amount thereof, shall be made by agreement between the INSURED or such representative and the company or, if they fail to agree, by arbitration." *Shuff* at p. 172. The policy provision in the case sub judice states:

"Under this coverage, we [Nationwide] will pay bodily injury damages that you [the insured] or your legal representative are legally entitled to recover from the owner or driver of an uninsured motor vehicle."[1]

The provision continues with the paragraph cited *supra*, p. 4, which states that liability and damages will be decided jointly by Nationwide and the insured, and if agreement cannot be reached, the matter will be submitted to arbitration. Although the wording of the two (2) policy provisions differ, their effect is the same.

Factual distinctions between *Shuff* and this case do not affect the applicability of *Shuff*. *Shuff* involved a jury verdict and a request for arbitration by the insured. Neither of these distinctions makes a difference; it does not matter that the trier of fact was different nor does it matter that a different party requested arbitration. The rationale of *Shuff* still applies.

Nationwide urges that *Shuff* involved a trial on the merits, and that, in this case, there was no trial. Thus, Nationwide did not have an opportunity to present its evidence. We agree that there was no trial but disagree that Nationwide did not have an opportunity to present evidence. The Plaintiffs' original complaint named Nationwide as a defendant. Nationwide filed an answer to the complaint, the amended complaint, and the request for admissions, and it responded to a request for production. It also initiated discovery by propounding interrogatories on both Plaintiffs. Its attorney attended the proof of damages hearing. In sum, Nationwide participated in this case. Nationwide did have an opportunity to present evidence and the fact that it failed to do so in a vigorous manner will not constitute prejudicial error on the trial court's part.

Contrary to Nationwide's contention, arbitration is not necessary in this case. Nationwide's argument that the proof of damages hearing served only to protect its subrogation rights is unfounded in fact and law. Nothing in the Ohio Revised Code nor case law limits proof of damages hearings in this manner.

The Supreme Court, through *Shuff* and *Handlovic*, has resolved this situation. The insured and the insurer are bound by the judgment of the trial court and will not be permitted to then demand arbitration for an uninsured motorist claim. Arbitration in such situations would prove to be a vain act.

Nationwide's assignment of error is not well taken. It admits providing the Plaintiffs with insurance for bodily injury caused by uninsured motorists. It admits that the Defendant was uninsured. It admits that the trial court awarded damages to Plaintiffs for bodily injury as a result of this accident in the sum of $71,000. No genuine issue of material fact remains to be tried. It is clear that the Plaintiffs are entitled to judgment as a matter of law. Reasonable minds would agree that Nationwide has admitted the necessary elements and is now bound by the judgment of the trial court. The arbitration provision in the policy does not apply under these facts.

Accordingly, we overrule the assignment of error. Having found no error prejudicial to the Defendant-Appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHAW, P.J., and GUERNSEY, J., concur.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.

---

[1] We note, as did the Supreme Court in *Shuff* and *Handlovic*, that the policy language involved in these cases

follows the statutory language in R.C. 3937.18(A)(1) which states:

"Uninsured motorist coverage *** shall provide *** for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom ***."