■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v ROBERT BLEEND, Appellant. [694 NYS2d 71] —In a proceeding to permanently stay arbitration, Robert Bleend ap-

peals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), entered April 6, 1998, as granted the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, he was not entitled to seek further compensation through arbitration pursuant to an underinsurance provision in his insurance policy. The appellant, injured in a motor vehicle accident, commenced suit against the motorist and owner of the other vehicle. Subsequent to a jury verdict in that action awarding judgment in favor of the appellant and against the other motorist and owner, the appellant sought to recover additional compensation from his insurance company, the petitioner Liberty Mutual Insurance Company, pursuant to a Supplementary Uninsured Motorists Endorsement. The purpose of this provision is to compensate innocent victims of motor vehicle accidents where compensation is not otherwise available (see, Matter of Allcity Ins. Co. [DiNoto], 80 Misc 2d 1022, 1023). Here, the appellant failed to submit any proof that the compensation he received from the judgment was insufficient to meet his claim of damages, or that the other motorist and owner either lacked insurance coverage or were underinsured.

The appellant's remaining contentions are without merit. O'Brien, J. P., Krausman, Florio and H. Miller, JJ., concur.