OPINION
On September 1, 1999, Suzanne Proper was involved in an automobile accident caused by the negligence of an underinsured motorist, resulting in her death.
The tortfeasor's insured company paid $50,000.00, policy limits.
At the time of the accident, Appellant and decedent were insured by American Select Insurance Company under a commercial automobile policy, number ASP 8223745, which carried UM/UIM coverage in the amount of $300,000.00, single limit.
Appellant and decedent were also insured by Westfield Insurance Company under a personal automobile policy, number APV 6315537, for a policy period of October 10, 1998, to October 10, 1999, which also carried UM/UIM coverage in the amount of $300,000.00, single limit.
Under both policies of insurance, Daniel and Suzanne Proper were each named insureds.
Appellees each tendered $150,000.00 to Appellants under each policy of insurance, for a total of $300,000.00.
A settlement agreement was entered into by the parties which contained, among other things, a provision whereby Plaintiff-Appellant agreed to forego any claim for bad faith.
Appellant filed a declaratory judgment action in Stark County Common Pleas Court with regard to the remaining $300,000.00 which appellant contends is still owed.
On April 17, 2001, the trial court granted summary judgment in favor of appellees and denied appellant's motion for summary judgment with regard the issue of UM/UIM coverage.
It is from this decision that Appellant files the instant appeal, assigning the following error:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE AMERICAN SELECT INSURANCE AND APPELLEE WESTFIELD INSURANCE COMPANY.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280. It is based upon this standard that we review the assignments of error.
 I.
Appellant argues that the anti-stacking/limits of insurance provisions in the American Select and Westfield Insurance policies are not clear and unambiguous and therefore not enforceable under R.C. § 3937.18(G) as the insurers collected two separate premiums for UM/UIM coverage. We disagree.
Insurance contracts must be construed in accordance with the same rules of construction as other written contracts. Gillette v. St. Paul GuardianIns. Co. (1996), 113 Ohio App.3d 564, citing Universal Underwriters Ins.Co. v. Shuff (1981), 67 Ohio St.2d 172, 173.
At the same time, even though the ordinary principles of contract law apply, a party cannot enter into a contract which is contrary to law. A UIM provision, therefore, must be interpreted in light of the language of R.C. 3937.18 which governs such coverage.
Therefore, the "other insurance" clause in the present case must be construed in the context of R.C. 3937.18. R.C. 3937.18(G) expressly authorizes insurers to preclude the stacking of insurance policies. It provides, in pertinent part:
 "(G) Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section * * * may, without regard to any premiums involved, include terms and conditions that preclude any and all stacking of such coverages, including but not limited to:
 "(1) Interfamily stacking, which is the aggregating of the limits of such coverages by the same person or two or more persons, whether family members or not, who are not members of the same household;
 "(2) Intrafamily stacking, which is the aggregating of the limits of such coverages purchased by the same person or two or more family members of the same household."
This language was specifically included by the General Assembly in the October 20, 1994 amendment of R.C. 3937.18 to supersede the effect of the Supreme Court of Ohio's holding in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500.
Anti stacking language must be clear, conspicuous and unambiguous within the confines of an individual policy. Dues v. Hodge (1988),36 Ohio St.3d 46.
The anti-stacking language in the Westfield policy is contained in the section labeled "Other Insurance" within the Uninsured Motorists Coverage Endorsement and reads as follows:
 If there is other applicable insurance available under one or more policies or provisions of coverage:
 Any recovery for damages for bodily injury sustained by an insured may equal but not exceed the higher of the applicable limit for any one vehicle under this insurance or under any other insurance providing coverage on either a primary or excess basis.
The anti-stacking language in the American Select policy is similar and is contained in within the Uninsured Motorists Coverage Endorsement and reads as follows:
 If there is other applicable insurance available under one or more policies or provisions of coverage:
 The maximum recovery under all Coverage Forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any Coverage Form or policy providing coverage on either a primary or excess basis.
The Ohio Supreme Court has repeatedly found such language to be clear, unambiguous, and reasonably susceptible of only one interpretation. Duesv. Hodge (1988), 36 Ohio St.3d 46; Karabin v. State Automobile MutualIns. Co. (1984), 10 Ohio St.3d 163; Saccucci v. State Farm MutualAutomobile Ins. Co. (1987), 32 Ohio St.3d 273.
Appellant further argues that UM/UIM coverage is illusory in that the full limits cannot be collected under both policies. While such is true under the facts in the case sub judice, due to overlapping coverage and the circumstances in this case, such does not render the coverage illusory. The two policies provide different coverage, one is commercial policy and one is personal. As such, under a different set of circumstances, coverage could apply under either policy but not the other policy. As such, appellant is receiving a benefit from under each of the policies.
Having found that both the Westfield and American Select anti-stacking clauses are valid and enforceable, we do not need to determine which coverage is primary and which is excess as the Appellees have already tendered $300,000.00, which is the most that Appellant is entitled to collect under the policies regardless of which coverage is primary and which is excess.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to Appellant.
Boggins, J. Edwards, P.J. Wise, J.