STEVENS SKIN SOFTENER, INC., Appellee and Cross–Appellant,

v.

REVCO DRUG STORES, INC., Appellant and Cross–Appellee.

[Cite as *Stevens Skin Softener, Inc. v. Revco Drug Stores, Inc.* (1997), 121 Ohio App.3d 212.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70690.

Decided June 9, 1997.

*Richard A. Oviatt,* for appellee and cross-appellant.

*Hahn, Loeser & Parks, Steven W. Albert, Patrick H. Gaughan* and *Andrew S. Pollis,* for appellant and cross-appellee.

---

JOSEPH E. MAHONEY, Judge.

The following appeal and cross-appeal arise from a decision of the Cuyahoga County Court of Common Pleas, which awarded plaintiff-appellee and cross-appellant, Stevens Skin Softener ("Stevens"), damages of $68,948.39 after determining that defendant-appellant and cross-appellee, Revco Drug Stores, Inc. ("Revco"), failed to seasonably return skin care products purchased on a sale-or-return basis from Stevens. For the reasons that follow, we modify the judgment of the trial court and, as modified, affirm.

Between July and November 1994, Revco placed at least seven orders for skin care products from Stevens. It is undisputed that these purchases were on a sale-or-return basis and were placed for retail sale in Revco stores around the United States. At all times relevant to this appeal, Revco made no payments toward these purchases. Of the approximately thirty thousand units of skin care products purchased from Stevens, less than one thousand units were sold. As a result, sometime in early 1995, Revco requested authorization to return the products in stock because of poor resale. While Stevens did authorize the return, it asked that Revco reconsider returning the unsold products. Revco responded that the decision was made to return the products and the process of return had already been initiated.

The first shipments for return were received by Stevens in March 1995. The balance of the merchandise was returned at varying times from April through October 1995. In May 1995, Stevens instituted suit against Revco, claiming that it was owed money on an account for goods received by Revco. Revco denied that any money was owed to Stevens and claimed that the goods had been returned. Stevens moved for partial summary judgment, which was denied.

A one-day bench trial was held on March 18, 1996. In its case-in-chief, Stevens presented evidence of indebtedness totalling $242,758.32. Revco countered with evidence of returns and other miscellaneous credits demonstrating that Stevens owed Revco $5,337.71.[1] Stevens acknowledged credits for returns in substantially the same condition totalling $37,449, other miscellaneous credits totalling $28,-

---

1. On appeal, Revco withdraws this argument and asserts that Revco is only entitled to $662.29 in damages, conceding that some returned merchandise was not seasonably returned.

455.13 and liquidation proceeds in mitigation of its damages totalling $9,165, and requested damages of $167,689.19, plus interest.

Finding that merchandise returned after June 1, 1995 was not seasonably returned, the trial court determined that Revco was obligated to pay for merchandise returned after that date. Revco was given credit for returns totalling $74,840.40 for merchandise returned before June 1, 1995, as well as credits of $28,455.13 and $9,165 as discussed above. The trial court opined that Stevens had failed to produce evidence that some of the returned merchandise was damaged and therefore determined that Stevens was not entitled to damages for that portion of merchandise that allegedly was defective. Consequently, the trial court entered judgment against Revco for $68,948.39.

From this judgment, Revco timely appeals and raises the following errors for our review:

"I. The trial court's finding that merchandise returned after June 1, 1995 was not returned seasonably was against the manifest weight of the evidence.

"II. Even if the trial court's adoption of the June 1, 1995 deadline [was] proper, the trial court miscalculated the damages due to Stevens."

I

Subsequent to its appeal, Revco withdrew its second assignment of error; thus, our review of Revco's appeal is confined to addressing the arguments raised under its first assignment of error. Therefore, this court is required to determine whether the trial court's decision finding that merchandise returned after June 1, 1995 was not seasonably returned is against the manifest weight of the evidence. The Supreme Court of Ohio has stated that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. Accord *State ex rel. Pizza v. Strope* (1990), 54 Ohio St.3d 41, 46, 560 N.E.2d 765, 769–770.

The option to return merchandise under a sale-or-return contract is governed by R.C. 1302.40(B), which provides:

"Under a sale or return unless otherwise agreed:

"(1) the option to return extends to the whole or any commercial unit of the goods while in substantially their original condition, but must be exercised seasonably; and

"(2) the return is at the buyer's risk and expense."

An action is taken "seasonably" when it is taken at or within a reasonable time. R.C. 1301.10(C). "What is a reasonable time for taking any action depends on the nature, purpose, and circumstances of that action." R.C. 1301.10(B).

While Revco contends that it is Stevens, as the seller, who has the burden of proving whether its merchandise was returned seasonably, we find it unnecessary to make such a determination in order to resolve the issue of seasonableness. Revco's Vice President of Marketing, Bruce Schwallie, testified that Revco received authorization from Stevens in February 1995 to return the unsold merchandise. He further testified that, under normal retail industry practice, sixty to ninety days would be an expedient time within which to expect the returns to be effectuated.

Considering the evidence as to the nature and circumstances of the parties' overall business relationship, the trial court had before it competent, credible evidence from which to determine that returns after June 1, 1995 were unseasonable. Accordingly, Revco's sole assignment of error is not well taken.

## II

Stevens raises the following assignments of error in its cross-appeal:

"I.   Whether the trial court improperly overruled cross–appellant Stevens' motion for partial summary judgment.

"II.   Whether the trial court's finding that Stevens produced no evidence that returned merchandise was damaged was against the weight of the evidence.

"III.   On a sale or return contract under Revised Code Section 1302.39, whether a purchaser can initially purchase merchandise for resale, at a later date reorder additional identical merchandise, and still later return that which was initially ordered for full credit.

"IV.   On a 'sale or return' contract under R.C. 1302.39, a purchaser who reorders additional identical merchandise after an initial purchase is estopped or waives the right to return that which was initially ordered.

"V.   Whether cross–appellant Stevens was entitled to interest."

## A

In its first cross-assignment of error, Stevens contends that partial summary judgment was improperly denied. Specifically, Stevens argues that uncontroverted evidence of Revco's indebtedness was presented upon which the trial court should have granted judgment in Stevens's favor as a matter of law.

■ In reviewing a motion for summary judgment, an appellate court conducts a de novo review of the trial court's decision. "A court reviewing the granting of a summary judgment must follow the standards set forth in Civ.R. 56(C) * * *." *Aglinsky v. Cleveland Builders Supply Co.* (1990), 68 Ohio App.3d 810, 814, 589 N.E.2d 1365, 1368. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

■ The court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 517 N.E.2d 904; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Because summary judgment is a procedural device used to terminate litigation, it must be awarded with caution, resolving all doubts in favor of the party opposing the motion. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825.

In opposing Stevens's motion, Revco disputed the amount Stevens claimed was due and supported its brief with documentary evidence to this effect. Construing the evidence in favor of Revco, as we must, genuine issues of fact remained as to the amount of damages due. Consequently, the trial court did not err in denying Stevens's motion for partial summary judgment. Accordingly, Stevens's first cross-assignment of error is not well taken.

## B

■ In its second cross-assignment of error, Stevens contends that the trial court erred in finding that Stevens produced no evidence that the returned merchandise was damaged. Revco, on the other hand, maintains that the merchandise was returned in "shop worn" condition, consistent with the custom and practice of the retail industry.

■ The right to return merchandise under a sale-or-return contract extends to merchandise substantially in its original condition, R.C. 1302.40(B)(1). "The requirement that the goods be substantially in their original condition to be returnable as of right under the contract is simply another way of saying that the risk of loss, including deterioration, is on the buyer in a sale or return transaction." 2 Hawkland UCC Series (1992) 809, Section 2–327:02.

In this case, considerable testimony was elicited supporting the argument that the returned merchandise was not substantially in its original condition. For example, Schwallie testified that Revco affixed price and security tags to an indeterminate number of Stevens's products. He further testified that there was no attempt on Revco's part to remove these tags prior to return. Stevens's personnel attempted to remove these tags, but the adhesive proved too strong for removal.

While we find that sufficient evidence was presented documenting that some of the returned merchandise was not substantially in its original condition, Stevens has failed to prove precisely how many units of the returned merchandise were in such a condition that damages could be accurately calculated.

David Ball, a representative from Stevens, testified as follows when asked when the damaged merchandise was returned:

"It would have been the ones around in April. I can identify—in trying to find specifics, I would have [to] look at some.

"There were two good clean shipments coming back on the pallets and original boxes. That was before I started working for Stevens, in March.

"Then I believe it was in April sometime, or early May, at the time I started. This is when the substantial quantity started coming back. Those were in poor condition."

He further testified that Stevens never counted the units that were returned with price and/or security tags. Without any evidence as to the quantity of damaged merchandise, it would be impossible for the trial court to accurately determine the amount of credit due Stevens. Thus, while the trial court may have incorrectly determined that Stevens produced no evidence of damaged merchandise, it correctly determined that Stevens was not entitled to further credit as a result of unremoved price and/or security tags. Accordingly, Stevens's second cross-assignment of error is not well taken.

C

In its third and fourth cross-assignments of error, Stevens contends that Revco should be precluded from returning previously ordered unsold merchandise under a sale-or-return contract after ordering additional merchandise.

It should be noted that Stevens raises this issue for the first time on appeal. Issues not initially raised in the trial court are considered waived and may not be assigned as error on appeal. *Rose Hill Chapel–Ciriello Funeral Home v. Ohio Bd. of Embalmers & Funeral Dirs.* (1995), 105 Ohio App.3d 213,

220, 663 N.E.2d 978, 982–983; *Van Camp v. Riley* (1984), 16 Ohio App.3d 457, 463, 16 OBR 539, 544–545, 476 N.E.2d 1078, 1083–1084.

Notwithstanding, we find no support for such a tortuous interpretation of R.C. 1302.40(B). Stevens does not cite, nor can we identify, any support for such an argument. A plain reading of the statute does not restrict the option to return only the most recently ordered merchandise. Moreover, Stevens authorized the return of the merchandise and, notwithstanding its failure to raise this issue in the court below, cannot now claim that Revco should be estopped from returning unsold merchandise. Accordingly, Stevens's third and fourth cross-assignments of error are not well taken.

### D

In its last cross-assignment of error, Stevens contends that it is entitled to prejudgment interest on Revco's June purchase orders. Specifically, it argues that these purchases were due and payable as of September 1, 1994 and, therefore, Stevens is entitled to interest as of that date. Revco, on the other hand, maintains that Stevens is not entitled to interest because it failed to present evidence to this effect.

R.C. 1343.03(A) governs prejudgment interest and provides that "when money becomes due and payable upon any bond, bill, note or other instrument of writing, * * * for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *." See, *e.g., Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687. Where the contract is silent as to the rate of interest, the statutory rate is applicable. See *Hobart Bros. Co. v. Welding Supply Serv., Inc.* (1985), 21 Ohio App.3d 142, 145, 21 OBR 152, 154, 486 N.E.2d 1229, 1232; *Sys. Data, Inc. v. Visi Trak Corp.* (1995), 72 Ohio Misc.2d 8, 11, 655 N.E.2d 287, 288–289.

The purchase orders at issue in this case reveal that Revco would be entitled to a two-percent discount if payment was made on or before the forty-fifth day after receipt of the merchandise, and net thereafter. Thus, payment was due and payable to Stevens no later than the forty-sixth day after receipt of the merchandise. No interest rate was stated on the purchase orders. It is undisputed that Revco has failed to make any payment toward these purchase orders.

Despite Revco's failure to make payment when due and payable, Stevens's authorization for Revco to return unsold products complicates an interest calculation. Stevens, in its complaint and in closing argument, merely asked for judgment in its favor, with interest. There was no evidence of how the interest

was to be calculated and on what amounts. While Stevens rather unequivocally argues on appeal that interest is due from September 1, 1994, several purchase orders were not due and payable at the time. Reiterating, the fact that multiple returns were made complicates the calculation of the amount of interest due because the multiple purchase orders have varying due dates. It was, therefore, incumbent upon Stevens to produce evidence of how interest was to be calculated. Without such evidence, the trial court did not err in failing to award Stevens prejudgment interest.

Accordingly, Stevens' fifth cross-assignment of error is not well taken.

### III

In summary, competent, credible evidence was presented from which the trial court could determine that merchandise returned after June 1, 1995 was not seasonably returned; therefore, the trial court did not err in awarding Stevens judgment in its favor. We do find, however, that the trial court miscalculated the amount of returned merchandise. In arriving at the $74,840.40 figure, the trial court totaled several credits, including one credit for $20,225.40. This figure is incorrect. The correct amount should have been $20,255.40. This results in a $30 difference in Revco's favor.

We therefore modify the judgment of the trial court to reflect a judgment for Stevens against Revco in the amount of $68,918.39 and, as modified, affirm the trial court's decision.

*Judgment accordingly.*

KARPINSKI, P.J., and PATTON, J., concur.

JOSEPH E. MAHONEY, J., retired, of the Eleventh Appellate District, sitting by assignment.