FOSTER, Appellant,

v.

AKRO CORPORATION et al., Appellees.

[Cite as *Foster v. Akro Corp.* (2000), 139 Ohio App.3d 84.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19743.

Decided Oct. 4, 2000.

*John H. Larrimer,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Timothy X. McGrail,* Assistant Attorney General, Workers' Compensation Section, for appellees Bureau of Workers' Compensation and Industrial Commission of Ohio.

*Margaret D. Everett,* for appellee Akro Corporation.

---

SLABY, Judge.

Appellant Bonnie J. Foster appeals an order of the Summit County Court of Common Pleas that granted summary judgment in favor of appellee Akro Corporation ("Akro") and denied her motion for summary judgment. We affirm.

Foster was an employee of Akro beginning in 1990. Her duties consisted of sewing car mats, which required repetitive hand motions. By July 1993, Foster had developed pain in her hands to the extent that she was released from work by her doctor.

On August 13, 1993, Foster applied with the Ohio Bureau of Workers' Compensation ("the bureau") for occupational disease benefits. The claim was eventually allowed for "left carpal tunnel syndrome, left shoulder strain, and cervico-brachial syndrome." Foster returned to light duty work with Akro in October 1993.

When the pain continued, Foster sought additional medical attention. A nerve conduction study was performed, which indicated bilateral carpal tunnel syndrome. A copy of this study was date-stamped by the bureau on January 25, 1994. Foster eventually discontinued her employment with Akro in December 1994.

Foster's pain and symptoms continued after she no longer worked for Akro. A second nerve conduction study in February 1997 indicated that the bilateral carpal tunnel syndrome had worsened. A doctor recommended that right carpal tunnel syndrome be additionally allowed on Foster's workers' compensation claim in September 1997, and Foster filed a motion for additional allowance with the bureau on November 12, 1997.

The claim was heard before a district hearing officer of the Industrial Commission on February 12, 1998. After the hearing, the district hearing officer denied the claim as barred by the statute of limitations. In the order, the district hearing officer stated that there was "no evidence in the State file that the claimant ever gave notice of the right wrist condition within two years of the date of diagnosis (7–1–93) in this claim."

The decision was appealed to a staff hearing officer. A copy of the date-stamped nerve conduction study from January 1994 was brought to the attention of the staff hearing officer. The decision was affirmed. Foster appealed to the Industrial Commission, but the appeal was refused.

On May 11, 1998, Foster appealed to the Summit County Court of Common Pleas. She alleged that the right carpal tunnel claim should have been additionally allowed because she gave notice of the claim through the January 1994 nerve conduction study. Foster and Akro both moved for summary judgment. On May 21, 1999, the common pleas court granted Akro's motion for summary judgment and denied Foster's motion. Foster timely appealed to this court.

Foster asserts two assignments of error. We will address each in turn.

### First Assignment of Error

"Under the recent holding of *Specht v. BP Am., Inc.* (1999), 86 Ohio St.3d 29 [711 N.E.2d 225], the two-year notice requirement in Ohio Revised Code § 4123.84(A) does not apply to claims for residual conditions, and these claims must be considered within the Industrial Commission's continuing jurisdiction under Ohio Revised Code § 4123.52."

In her first assignment of error, Foster argues that the judgment of the common pleas court must be reversed because her right carpal tunnel syndrome was a residual condition. However, Foster never raised this issue before the common pleas court. "Issues not initially raised in the trial court are considered waived and may not be assigned as error on appeal." *Stevens Skin Softener, Inc. v. Revco Drug Stores, Inc.* (1997), 121 Ohio App.3d 212, 218, 699 N.E.2d 549, 553. Accordingly, we overrule the first assignment of error.

### Second Assignment of Error

"The Trial Court erred in finding that the January 21, 1994 nerve conduction study was not sufficient to satisfy the requirements of Ohio Revised Code § 4123.85 and be considered an application for additional benefits."

Foster argues in her second assignment of error that the common pleas court erred in granting summary judgment in favor of Akro and in denying her motion for summary judgment. She contends that her application for benefits was timely because the nerve conduction study filed with the Bureau in January 1994 showed "bilateral" carpal tunnel. Foster's argument is not well taken.

Pursuant to Civ.R. 56(C), summary judgment is proper if "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most

strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Appellate review of a lower court's entry of summary judgment is *de novo,* applying the same standard used by the trial court. *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 491, 609 N.E.2d 1272, 1274–1275.

The time limitations for filing claims for occupational disease are stated in R.C. 4123.85:

"In all cases of occupational disease, * * * claims for compensation or benefits are forever barred unless, within two years after the disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician * * *, application is made to the industrial commission or the bureau of workers' compensation[.]"

The Ohio Supreme Court has construed "after the disability due to the disease began" to mean "the date on which the claimant first became aware through medical diagnosis that he or she was suffering from such disease, or the date on which claimant first received medical treatment for such disease, or the date claimant first quit work on account of such disease, whichever date is the latest." *White v. Mayfield* (1988), 37 Ohio St.3d 11, 523 N.E.2d 497, syllabus. R.C. 4123.511(A) governs what constitutes an application for benefits:

"Within seven days after receipt of any claim under this chapter, the bureau of workers' compensation shall notify the claimant and the employer of the claimant of the receipt of the claim and of the facts alleged therein. If the bureau receives from a person other than the claimant written or telecommunicated information indicating that an injury or occupational disease has occurred or been contracted which may be compensable under this chapter, the bureau shall notify the employee and the employer of the information. * * * The receipt of the information in writing * * * and the notice by the bureau shall be considered an application for compensation under [R.C. 4123.85]."

Foster argues that she timely applied for workers' compensation benefits for right carpal tunnel syndrome when the nerve conduction study was filed with the bureau in January 1994. She asserts that this filing falls within two years of the date of diagnosis, July 1, 1993. Akro contends that application was not made until 1997, and that Foster applied well outside two years from the latest date possible, December 1994, when Foster terminated her employment with Akro.

We conclude that Foster did not apply within the time limits set by R.C. 4123.85. The filing of the nerve conduction study in January 1994 did not qualify as an application for benefits. "While we disagree with the suggestion that a request for additional allowance can be accomplished only by an express motion

by the claimant, we find that a bare reference to medical conditions, as here, in a physician's correspondence or medical test summary does not constitute a request for recognition of that condition by a claimant." *State ex rel. Morrow v. Indus. Comm.* (1994), 71 Ohio St.3d 236, 238, 643 N.E.2d 118. The nerve conduction study mention of bilateral carpal tunnel syndrome did not qualify under *Morrow.* Therefore, Foster did not apply for benefits until late 1997.

Applying the three possible dates from *White v. Mayfield,* we find that Foster did not apply for benefits within two years after her disability due to the occupational disease. The first medical diagnosis of right carpal tunnel syndrome occurred in January 1994. There is no evidence in the record as to when Foster first received medical treatment for right carpal tunnel syndrome. Thus, at the latest, the time for application began after Foster quit her job at Akro in December 1994. Because Foster did not apply for benefits by December 1996, her application was not timely under R.C. 4123.85. The common pleas court did not err by granting summary judgment in favor of Akro and denying summary judgment in favor of Foster. The second assignment of error is overruled.

Foster's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BAIRD, P.J., concurs.

CARR, J., dissents.

CARR, Judge, dissenting.

Since R.C. 4123.85 does not require that notice be given of the specific parts of the body injured, I would reverse.