ESTATE OF OLIVER, Appellant,

v.

DEWEY et al.; Liberty Mutual Fire Insurance Company, Appellee.

[Cite as *Estate of Oliver v. Dewey* (2000), 144 Ohio App.3d 377.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 99–L–156.

Decided Oct. 11, 2000.

378

Joseph L. Coticchia Co., L.P.A., and Joseph L. Coticchia, for appellant.

Reid, Berry, Marshall & Wargo, P. Kohl Schneider and Timothy T. Reid, for appellee.

CHRISTLEY, Judge.

This is an accelerated calendar appeal. Appellant, the Estate of Darwin H. Oliver, Jr., appeals from a final judgment of the Lake County Court of Common Pleas granting appellee, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), summary judgment. For the following reasons, we affirm the judgment of the trial court.

On July 10, 1996, Darwin H. Oliver, Jr. was killed in a motor vehicle accident allegedly caused by Jason G. Dewey ("Dewey"). At the time of the accident, Dewey was insured under a policy issued by Liberty Mutual providing liability coverage in the amount of $50,000 per person and $100,000 per accident. The policy also contained language purporting to limit coverage to the single per-person limit for all claims arising from a single bodily injury, including death, to each passenger resulting from a single accident.

Appellant filed a wrongful death action against several defendants on January 16, 1997. Appellant subsequently amended its complaint on April 17, 1998 to add a claim against Liberty Mutual. In the amended complaint, appellant alleged that it was entitled to coverage under the policy of insurance that Liberty Mutual had issued to Dewey. Accordingly, appellant requested a declaration as to its rights under the policy, the Ohio Constitution, and R.C. 3937.44. Moreover, appellant also asked to have R.C. 3937.44,[1] which authorizes single per-person limits, declared unconstitutional.

On July 23, 1998, Liberty Mutual filed with the trial court a motion for summary judgment pursuant to Civ.R. 56. In its motion, Liberty Mutual argued that it was entitled to judgment as a matter of law because (1) the insurance policy in question limited recovery arising from injuries to a single person to the $50,000 per-person limit, no matter the number of claimants; and (2) R.C. 3937.44 did not violate the Ohio Constitution.

Appellant filed a brief in opposition to Liberty Mutual's motion for summary judgment on July 29, 1999. In its brief, appellant maintained that both R.C.

---

1. R.C. 3937.44 provides:

"Any liability policy of insurance including, but not limited to, automobile liability or motor vehicle liability insurance that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, *may,* notwithstanding Chapter 2125. of the Revised Code, *include terms and conditions* to the effect *that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person,* and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident." (Emphasis added.)

3937.18 and 3937.44 were unconstitutional, and as a result, the single per-person limits contained in Dewey's policy with Liberty Mutual were void. In the alternative, appellant argued that if R.C. 3937.18 and 3937.44 were constitutional, the policy in question was ambiguous with respect to the "each person" and "each accident" limits, and that any doubt should be resolved in its favor. Both parties filed supplemental briefs further explaining their respective positions.

By judgment entry dated September 17, 1999, the trial court granted Liberty Mutual's motion for summary judgment. In doing so, the court held the following: (1) R.C. 3937.18 was not applicable because the case did not involve an uninsured/underinsured motorist coverage claim; (2) R.C. 3937.44 was constitutional; and (3) the policy clearly and unambiguously provided coverage at the rate of $50,000 per person and $100,000 per accident. On September 30, 1999, the trial court issued a *nunc pro tunc* entry clarifying that its judgment entry of September 17, 1999 was intended to include appropriate Civ.R. 54 language that there was no just cause for delay.

From this decision, appellant filed a timely notice of appeal with this court. It now asserts the following assignment of error for our review:

"The trial court erred in granting summary judgment to defendant Liberty Mutual Fire Insurance Company."

Under this single assignment of error, appellant advances two reasons in support of its position. First, appellant maintains that the provision in the policy restricting all wrongful death claims to the single per-person limit of $50,000 regardless of the number of claims is void and unenforceable because R.C. 3937.44, which authorizes such provisions, is unconstitutional. However, even if R.C. 3937.44 is constitutional, appellant argues that summary judgment was improper for a second reason, to wit, the policy in question does not contain a clear and unambiguous provision limiting coverage in accordance with the statute.

Before addressing the merits of appellant's assigned error, we must first determine whether the trial court had jurisdiction to consider appellant's constitutional attack on R.C. 3937.44. At the time appellant filed its amended complaint against Liberty Mutual, R.C. 2721.12 provided in relevant part:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. * * * [I]f any statute * * * is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard. * * *"[2]

---

2. R.C. 2721.12 was amended recently effective September 24, 1999.

The Supreme Court of Ohio has recently considered the application of R.C. 2721.12. In *Cicco v. Stockmaster* (2000), 89 Ohio St.3d 95, 728 N.E.2d 1066, the court held that under the former version of R.C. 2721.12, a party contesting the constitutionality of a statute must assert such a claim in a complaint or other initial pleading, or an amended complaint or amended initial pleading. *Cicco* at 99, 728 N.E.2d at 1070–1071. Moreover, not only must the party assert the claim in an appropriate proceeding, the party must also serve the Attorney General "with a copy of the proceeding" that raises the constitutional issue. *Id.* If the party fails to fully comply with the requirements of R.C. 2721.12, a court lacks jurisdiction to render declaratory relief. *Id.* at 100, 728 N.E.2d at 1071. See, also, *Malloy v. Westlake* (1977), 52 Ohio St.2d 103, 6 O.O.3d 329, 370 N.E.2d 457, syllabus; *Nicholas v. State Farm Ins.* (June 9, 2000), Trumbull App. No. 99–T–0030, unreported, at 12–13, 2000 WL 757355.

In the case at bar, appellant first raised the issue of R.C. 3937.44's constitutionality in its amended complaint. The record does not indicate that the Attorney General was either served with a copy of the amended complaint or otherwise notified that appellant was challenging the constitutionality of the statute. Thus, appellant failed to comply with R.C. 2721.12 and properly invoke the jurisdiction of the trial court to consider a constitutional challenge to R.C. 3937.44. Consequently, any argument with respect to the statute's constitutionality is not properly before this court. *Cicco* at 100–101, 728 N.E.2d at 1071–1072.

Having said that, we will next consider whether the provision that limited the available coverage for a wrongful death action to the per-person limit is ambiguous. Appellant maintains that Liberty Mutual failed to direct the trial court to a term in the policy of insurance limiting recovery in the manner permitted by R.C. 3937.44. In fact, it is appellant's position that the provision relied upon by Liberty Mutual in the summary judgment exercise actually supports the argument that if there is any coverage limitation, that limitation concerns "per-accident" coverage as opposed to "per-person" coverage. We disagree.

Summary judgment is proper when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Leibreich v. A.J. Refrigeration, Inc.* (1993), 67 Ohio St.3d 266, 268, 617 N.E.2d 1068, 1070–1071.

Material facts are those facts that might affect the outcome of the suit under the governing law of the case. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123, 1126, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211–212. To determine what

constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Turner* at 340, 617 N.E.2d at 1126.

The party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. *Id.* at 293, 662 N.E.2d at 273–274.

If this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. *Id.* If the nonmoving party fails to do so, the trial court may enter summary judgment against that party if appropriate. *Id.*

█ Appellant is correct in that the original policy issued by Liberty Mutual to Dewey does not mention any limitation of coverage for a wrongful death action. It merely provides:

"LIMIT OF LIABILITY

"A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

"1. 'Insureds';

"2. Claims made;

"3. Vehicles or premiums shown in the Declarations; or

"4. Vehicles involved in the auto accident.

"B. We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision (B) will not change our total limit of liability."

Appellant, however, concedes that there is an endorsement attached to the original policy, which is a per-person limitation provision drafted in accordance with R.C. 3937.44. The endorsement states:

"The first paragraph of the Limit of Liability provision in Part A is replaced by the following:

"LIMIT OF LIABILITY

"The limit of liability shown in the Schedule or Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of 'bodily injury' sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Schedule or in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for 'bodily injury' resulting from any one auto accident."

Although appellant acknowledges the existence of the endorsement, it argues that there is no way of knowing whether or not the endorsement applies because there is no affidavit to that effect. In addition, appellant maintains that even if the endorsement should be considered, there is no evidence that Dewey consented to a change in coverage incorporating the per-person limitation.

A review of the record shows that appellant failed to raise the absence of a per-person coverage limitation in the insurance policy at any time before the trial court. Instead, appellant argued only that the "each person" and "each accident" limits in the policy were unclear and ambiguous.

It is well settled in Ohio that issues not initially presented in the trial court may not be raised for the first time on appeal. *Stevens Skin Softener, Inc. v. Revco Drug Stores, Inc.* (1997), 121 Ohio App.3d 212, 218, 699 N.E.2d 549, 553. Thus, because this issue was not raised by appellant in the trial court, we decline to consider it for the first time on appeal and will limit our determination to whether the insurance policy issued by Liberty Mutual was clear and unambiguous as to any relevant coverage limitations.

Insurance contracts must be construed in accordance with the same rules of construction as other written contracts. *Gillette v. St. Paul Guardian Ins. Co.* (1996), 113 Ohio App.3d 564, 570, 681 N.E.2d 944, 947–948, citing *Universal Underwriters Ins. Co. v. Shuff* (1981), 67 Ohio St.2d 172, 173, 21 O.O.3d 108, 108–109, 423 N.E.2d 417, 417–418. The test for determining whether language in an insurance policy is ambiguous is whether the language is "reasonably susceptible of more than one interpretation[.]" *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus. In making this determination, courts must generally give words and phrases their plain, ordinary, natural or commonly accepted meaning. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167–168, 24 O.O.3d 274, 275–276, 436 N.E.2d 1347, 1347–1349. Nevertheless, if the language used in the policy is clear and unambiguous, "the court may not 'resort to construction of that language.'" *Gillette* at 570, 681 N.E.2d at 948, quoting *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.* (1992), 64 Ohio St.3d 657, 665, 597 N.E.2d 1096, 1101–1102.

■ After reviewing the language in question, we fail to see any ambiguity in the insurance policy's provision limiting the company's liability. It is obvious that the endorsement attached to the policy was incorporated to limit Liberty Mutual's liability in the event that multiple claims arose from injuries suffered by a single person in a single accident. Moreover, this provision is in agreement with R.C. 3937.44, which was specifically enacted to allow for insurance companies to treat all claims for bodily injury to one person as a single claim.

Accordingly, the trial court did not err in granting Liberty Mutual summary judgment. Thus, appellant's sole assignment of error is without merit.

Based on the foregoing analysis, the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and MAHONEY, J., concur.

JOSEPH E. MAHONEY, J., retired, of the Eleventh Appellate District, sitting by assignment.