OPINION
In this accelerated calendar case, appellant, Kimberly Doll, appeals from the judgment of the Trumbull County Court of Common Pleas. The court granted appellee's, James Conrad, Administrator, Ohio Bureau of Workers' Compensation ("Administrator"), cross motion for summary judgment.
Doll was originally diagnosed with bilateral carpal tunnel syndrome on October 25, 1994. She was also treated on this date, as she was given a prescription for Lodine. Doll was again diagnosed with bilateral carpal tunnel syndrome on April 24, 1998. During this visit, the condition was diagnosed as occupationally related.
On September 15, 1999, Doll filed an application for workers' compensation benefits with the Ohio Bureau of Workers' Compensation. This request was denied by a district hearing officer with the Industrial Commission of Ohio on November 3, 1999, because the claim was not timely filed. Doll appealed this decision on November 15, 1999. A hearing was held December 13, 1999, where a staff hearing officer affirmed the decision of the district hearing officer and found that the commission did not have jurisdiction to hear the claim, as it was barred by the statute of limitations.
Doll appealed this decision to the Trumbull County Court of Common Pleas pursuant to R.C. 4123.512. Doll filed a motion for summary judgment. The administrator filed a cross motion for summary judgment. The trial court granted the administrator's cross motion for summary judgment.
Doll raises a single assignment of error:
 "The trial court erred in finding that appellant's workers' compensation is barred by the statute of limitations."
 An "appeal" of an order of the industrial commission, under R.C. 4123.512, is a proceeding in the nature of a trial de novo. Green v. B.F. Goodrich Co. (1993), 85 Ohio App.3d 223, 226. In this review, the trier of fact is "limited to considering `the evidence adduced at the hearing of the action.'" Id. citing Oswald v. Connor (1985), 16 Ohio St.3d 38.
Summary judgment is appropriate, pursuant to Civ.R. 56(C), when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The standard of review for an appellate court when reviewing a granting of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
The statute of limitations to file a claim for workers' compensation is set forth in R.C. 4123.85, which states:
 "In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits are forever barred unless, within two years after the disability due to the illness began, or within such longer period as does not exceed six months after the diagnosis of the occupational disease by a licensed physician or within two years after death occurs, application is made to the bureau of workers' compensation or to the employer if he is a self-insuring employer."
 This case turns on when Doll's disability began. The Supreme Court of Ohio has adopted the following test to determine when a disability due to occupational disease has begun:
 "Pursuant to R.C. 4123.85, disability due to an occupational disease shall be deemed to have begun on the date on which the claimant first became aware through medical diagnosis that he or she was suffering from such disease, or the date on which the claimant first received medical treatment for such disease, or the date claimant first quit work on account of such disease, whichever date is the latest." White v. Mayfield (1988), 37 Ohio St.3d 11, syllabus.
 The White test continues to be controlling to determine the tolling of the statute of limitations in a workers' compensation claim. See Foster v. Akro Corp. (2000), 139 Ohio App.3d 84; Heard v. Conrad
(2000), 138 Ohio App.3d 503; and Ziemkiewicz v. Universal Urethane Prod., Inc.(1994), 96 Ohio App.3d 494. The White test has been followed by this court in Campbell v. Mayfield (Sept. 30, 1992), Portage App. No. 91-P-2337, unreported, 1992 Ohio App. LEXIS 5039.
Both parties noted that Doll was diagnosed with bilateral carpal tunnel syndrome on October 25, 1994, in their respective memorandums in support of summary judgment. The doctor's notes indicate that Doll was given medication on this visit. Thus, there is no genuine issue of material fact relating to the first two prongs of the White test, because Doll did not file her claim within two years of being diagnosed or treated.
There is, however, a genuine issue of material fact relating to the third prong of the White test, the date Doll first quit work on account of such disease. On her "First Report of an Injury, Occupational Disease or Death" form, Doll reports that her last day of work was February 3, 1998. She also reports that she had not returned to work as of the date the form was completed, January 19, 1999. In light of this, the district hearing officer found that "the file contains no evidence that the claimant had to quit work as a result of contracting `bilateral carpal tunnel syndrome.'"
There was nothing in the record to indicate why Doll did not work from February 3, 1998 though January 19, 1999. As a result, the trial court had no evidential basis to conclude that Doll quit for reasons other than her alleged disability.
Since there was a genuine issue of material fact before the trial court, the court improperly granted the administrator's cross motion for summary judgment. Doll's assignment of error has merit.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
PRESIDING JUDGE WILLIAM M. O'NEILL, CHRISTLEY, J., NADER, J., concur.