OPINION
{¶ 1} This is an accelerated appeal of a judgment of the Girard Municipal Court, denying the motion of appellant, Dr. John C. Bland, for relief from a default judgment in favor of appellee, Stephanie A. Stables.
 {¶ 2} On August 31, 2001, appellee filed suit against appellant, arguing that appellant failed to return her security deposit. A hearing was scheduled in small claims court for February 26, 2002. Appellant failed to appear at the hearing, and, on the same day, the court entered default judgment in favor of appellee in the form of a combination magistrate's decision/trial court judgment.
 {¶ 3} On March 6, 2002, appellant filed an objection to the magistrate's decision. The court construed appellant's objection as a Civ.R. 60(B) motion for relief from default judgment, and scheduled the matter for a hearing. At the hearing, appellant's attorney and appellee, acting pro se, presented arguments. Following the hearing, on April 26, 2002, appellant filed a motion to vacate with affidavits and evidentiary material attached. Appellant filed a supplement to his motion on May 6, 2002. On May 20, 2002, the trial court issued a judgment, denying appellant's motion to vacate the default judgment, finding that appellant's neglect was inexcusable.
 {¶ 4} Appellant filed a timely appeal of the trial court's judgment. We remanded the case, finding that the court's February 26, 2002 entry was not a final, appealable order. On August 26, 2002, the trial court issued a final appealable order, curing the jurisdictional defect. Appellant's notice of appeal was considered a premature appeal, pursuant to App.R. 4(C).
 {¶ 5} Appellant asserts the following assignment of error:
 {¶ 6} "[t]he trial court abused its discretion by failing to grant Bland's motion to vacate default judgment based on excusable neglect, or reasonable justification."
 {¶ 7} In appellant's single assignment of error, he argues that the trial court should have granted his motion to vacate the default judgment against him based upon either excusable neglect or reasonable justification. We shall consider each of these arguments separately.
 {¶ 8} First, appellant argues that his failure to appear in court on the day of the hearing constituted excusable neglect. Appellant claims that he failed to appear because he entered the hearing on the wrong day in his calendar. He argues that this constituted excusable neglect.
 {¶ 9} The Supreme Court of Ohio has held that "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time***." GTE Automatic Electric, Inc. v. ARC industriesInc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. All three factors must be met before the court can grant a Civ.R. 60(B) motion. Id at 149. An appellate court will not disturb a trial court's judgment on a Civ.R. 60(B) motion absent a showing that the trial court abused its discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
 {¶ 10} In the instant appeal, there is no contention that appellant failed to present a meritorious defense to appellee's claim or that the motion was not filed within a reasonable time. Thus, the sole issue for determination is whether the trial court abused its discretion in concluding that appellant failed to demonstrate that he was entitled to relief because his failure to appear was the result of excusable neglect.
 {¶ 11} While a movant is not required to present evidence of an evidential quality to show that he or she has a meritorious defense, "the movant is required to submit material of an evidentiary quality that would indicate the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5) and that the motion is made within a reasonable time." Thrasher v. Thrasher (June 15, 2001), 11th Dist. No. 99-P-0103, 2001 Ohio App. LEXIS 2720, at *6-*7.
 {¶ 12} While appellant did submit evidence that he had a meritorious defense, he never submitted material of an evidentiary quality to show that his failure to appear in court was the result of excusable neglect. Appellant's Civ.R. 60(B) motion contained the allegation that he had scheduled the hearing for the wrong day, but a sworn statement to that effect did not accompany it. In addition, in the hearing on appellant's motion, appellant's attorney argued that appellant had written the hearing date in on the wrong day in his calendar, but again produced no sworn statement from appellant. Appellant never produced any material of an evidentiary quality, which would show that his neglect was excusable because he had scheduled the hearing date on the wrong day in his calendar. Thus, the trial court did not abuse its discretion in finding that appellant's neglect was inexcusable. SeeCitibank v. Ohlin, 11th Dist. No. 2000-T-0037, 2002-Ohio-846.
 {¶ 13} Appellant argues that the trial court erred by looking at three previous cases in two of which default judgment had been entered against him after he failed to appear on the day of the hearing. Appellant argues that these cases are unrelated to the case at bar and are, thus, irrelevant. The Supreme Court of Ohio has determined that an examination of whether a party's neglect was excusable or inexcusable must of necessity take into consideration all the surrounding facts and circumstances. Colley v. Bazell (1980), 64 Ohio St.2d 243, 249. The court's consideration of appellant's conduct in prior cases before the same court, in which he established a pattern of failing to appear on the hearing date, is relevant to the issue of whether his conduct was excusable.
 {¶ 14} That said, the three cases on which the lower court relied are listed in its decision. Cases (a) and (b) were appropriately entertained pursuant to Colley, supra. insofar as they illustrate default judgments where appellant failed to appear in court for hearings. Hence, they are relevant to whether appellant's failure to appear in the current matter was a function of excusable neglect. However, the lower court erroneously considered case (c) because it did not involve a default judgment. As such, case (c) is not relevant to the issue of excusable neglect. However, in light of the court's apposite consideration of cases (a) and (b), any error resulting from its consideration of case (c) was harmless.
 {¶ 15} In his brief, appellant also argues that the trial court erred because it did not vacate the default judgment against him under the "catch all" provision of Civ.R. 60(B)(5). Appellant, however, never argued this before the trial court. "It is well settled in Ohio that issues not initially presented in the trial court may not be raised for the first time on appeal." Estate of Oliver v. Dewey (2000),144 Ohio App.3d 377, 383. Because this issue was not raised before the trial court, we decline to consider it on appeal.
 {¶ 16} Appellant's assignment of error is without merit. For the foregoing reasons, the judgment of the Girard Municipal Court is affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.